```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

David D Meyers,                  :

       Petitioner,              :          Case No.  2:11-cv-0656
                                             Crim. No. 2:08-cr-0071(1)
   v.                            :
                                             JUDGE GREGORY L. FROST
United States of America,        :          Magistrate Judge Kemp

       Respondent.              :

### REPORT AND RECOMMENDATION

    Petitioner, David D. Meyers, was charged in an indictment filed on April 14, 2008, with one count of distributing more than five grams of crack cocaine.  He subsequently pleaded guilty to that charge, and on October 24, 2008, he was sentenced to a term of imprisonment of 64 months, plus a four-year term of supervised release.  He did not appeal.

    On July 20, 2011, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.  In his motion, petitioner raises a single issue.  He argues that due to changes in the law relating to the sentences to be imposed for distribution of crack cocaine, he should be afforded some relief from his sentence.  Although he does not identify, in his petition, what specific change in the law he is relying on, the Court assumes that it is the Fair Sentencing Act of 2010, signed into law on August 3, 2010, which reduced the sentencing disparities in cases involving cocaine and crack cocaine, so that a five-year mandatory minimum sentence for distributing crack cocaine is triggered not by distribution of five or more grams, as it was when petitioner was charged and sentenced, but twenty-eight or more grams.  See Pub.L. 111-220, 124 Stat. 2372 (Aug. 3, 2010).  The petition is before the Court for an initial review of its merits pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts.  For the following

reasons, it will be recommended that the petition be dismissed as time-barred, or, alternatively, because it lacks merit.

I.

28 U.S.C. § 2255(f) provides for a one-year statute of limitations in connection with the filing of federal habeas corpus petitions, stating as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not file an appeal after the judgment and conviction was entered. Thus, his conviction became "final," for purposes of §2255(f), on November 3, 2008, ten days after it was entered. See Sanchez-Castellano v. United States, 358 F.3d 424, 425 (6th Cir. 2004). Because the petition was filed more than one year after this date, it is untimely.

Petitioner suggests that he could not have filed his petition earlier because the law did not change until well after the limitations period expired. However, the statute of limitations does not make an exception for petitions that are

based on an intervening change in statutory law. Section 2255(f)(3) does permit an otherwise untimely petition to be heard on its merits if it is based on new right which has been "recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The right asserted in this case, however, is not a right recognized by the Supreme Court, but one enacted by Congress. As the court in Craft v. United States, 2011 WL 767401, *4 (N.D. Ohio February 28, 2011) (also a case involving the Fair Sentencing Act of 2010) noted, this particular "ground of relief does not fall under 28 U.S.C. § 2255(f)(3), as the right has not 'been newly recognized by the Supreme Court' and has not been 'made retroactively applicable to cases on collateral review.' This claim is therefore untimely as it was made after the one-year statute of limitations period." This Court reaches the same conclusion, and the petition is therefore subject to dismissal because it was filed beyond the one-year limitations period set out in 28 U.S.C. §2255(f).

II.

Even if the petition were timely, it is beyond question that petitioner is not entitled to relief. He has asked the Court to apply, in retroactive fashion, changes in the statutory law which occurred after the date he was sentenced, and, indeed, after his conviction became final. However, this Court is precluded by controlling precedent from doing so.

In United States v. Carradine, 621 F.3d 575 (6th Cir. 2010), the Court of Appeals had occasion to address the issue of whether the changes in sentencing enacted as part of the Fair Sentencing Act of 2010 applied retroactively to defendants sentenced under the prior statutory provisions relating to the mandatory minimum sentences to be imposed for the possession or distribution of crack cocaine. In rejecting the defendant's

3

assertion that he should have been sentenced under the new law, the Court of Appeals held as follows:

> The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time Carradine committed the crime in question. We affirm the district court's imposition of the 60-month mandatory minimum sentence.

United States v. Carradine, 621 F.3d at 580.  Because the statute is not retroactive, this Court is similarly powerless to apply it to petitioner's case, and acted correctly in sentencing him according to the law which existed at the time he committed his offense.  Thus, petitioner would not be entitled to any change in his sentence even if the Court were to consider his petition as having been timely filed.

III.

For the foregoing reasons, it is **RECOMMENDED** that the petition **DISMISSED.**

IV.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the

magistrate judge with instructions.  28 U.S.C. §636(b)(1).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                      /s/ Terence P. Kemp
                                      United States Magistrate Judge